IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, § § § § | |
| Plaintiff, § § | |
| v. § | C.A. No. 7:19-cv-00084 |
| § § § | |
| RUBEN V. CANTU and MARIA L. CANTU, § § | |
| Defendants. § | |

## COMPLAINT

Plaintiff, Fidelity & Guaranty Life Insurance Company ("F&G Life") files its complaint against Ruben V. Cantu and Maria L. Cantu ("Defendants"), and states:

## PARTIES

1. **Plaintiff.** F&G Life is an Iowa corporation with its principal place of business in Des Moines, Iowa.

2. **Defendants.** Ruben V. Cantu and Maria L. Cantu are residents and citizens of Texas and each may be served with process at 407 W. Roosevelt, Rio Grande City, Texas 78582 and/or 5223 East Hinojosa Street, Rio Grande City, Texas 78582.

## JURISDICTION AND VENUE

3. **Jurisdiction.** The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. §1332. In that regard, F&G Life is a citizen of Iowa, and Defendants are citizens of Texas. There is complete diversity of citizenship between F&G Life and Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. **Venue.** Venue is proper in this district and division pursuant to 28 U.S.C. §1391 because a substantial part of the events or admissions giving rise to the claim occurred in this judicial district, the subject insurance application was signed in this judicial district, and Defendants reside in this judicial district.

## OPERATIVE FACTS

5. **The Application.** In February 2016, Ruben Cantu, Jr. (the "Insured"), then 22 years of age, applied to F&G Life for a universal life insurance policy. The Insured designated his parents, who are the Defendants herein, as beneficiaries, each with a 50% interest in any policy proceeds.

6. **The Policy.** Relying on the representations and statements on the application, F&G Life issued Flexible Premium, Adjustable Death Benefit, Universal Life Insurance Policy no. LB051920 (the "Policy") to the Insured on April 19, 2016, with an initial death benefit face amount of $500,000.00. The Policy includes a suicide exclusion if the insured dies by suicide, while sane or insane, within 2 years from the date of issue or from the effective date of the last reinstatement. In that event, no death benefits are payable, and F&G Life's payment is limited to returning the premiums paid on the Policy.

7. **Death of Insured.** On or about July 13, 2016, the Insured died. The death occurred within months of the effective date of the Policy.

8. **The Claim.** Defendants thereafter submitted a claim for death benefits under the Policy.

9. **Claim Investigation.** During the course of the claim investigation, F&G Life obtained the certificate of death, which identifies the cause of death as asphyxia by hanging and the manner of death as suicide. The claim was denied based on the suicide exclusion of the

Policy, and F&G Life returned the premiums paid on the policy. The premium refund check was cashed. Almost a year later, Defendants have now disputed the findings and have demanded the Policy proceeds. Therefore, an actual controversy exists as to the manner of death of the Insured.

## CAUSE OF ACTION

10. **Declaratory Judgment.** F&G Life requests the Court to grant declaratory judgment relief pursuant to 28 U.S.C. §2201 and/or Tex. Civ. Prac. & Rem. Code §37.001 and to declare the rights of the parties under the Policy. F&G Life seeks an adjudication that it has no obligation or liability under the Policy to pay death benefits, based on the suicide exclusion, and that F&G Life's obligation is limited to returning the premiums paid under the Policy. F&G Life also seeks to recover its reasonable attorneys' fees and costs incurred in obtaining this relief.

## RELIEF REQUESTED

11. **Prayer.** F&G Life requests the following relief:

    (a) That Defendants be served with process and be required to answer in the time and manner prescribed by law;

    (b) That the Court grant the declaratory judgment relief requested above and award F&G Life its reasonable attorneys' fees and costs; and

    (c) That F&G Life have such other and further relief, both general and special, at law and in equity, to which F&G Life may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Andrew G. Jubinsky*
    Andrew G. Jubinsky
    Attorney-in-Charge
    State Bar No. 11043000
    Fed. I.D. # 8603
    andy.jubinsky@figdav.com
    Raha Assadi
    Texas Bar No. 24105444
    Fed. I.D. No. 3265265
    raha.assadi@figdav.com

    **FIGARI + DAVENPORT, LLP**
    901 Main Street, Suite 3400
    Dallas, Texas 75202
    (214) 939-2000 – Telephone
    (214) 939-2090 – Facsimile

ATTORNEYS FOR PLAINTIFF